UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey Weisen and Craig Seifert,

    Plaintiffs,

v.

Northern Tier Retail LLC doing business as Speedway,

    Defendant.

Case No. 20-cv-62 (JNE/ECW)
ORDER

This matter is before the Court on Defendant Northern Tier Retail LLC doing business as Speedway's ("Speedway") Motion for Summary Judgment. ECF No. 25. Speedway argues that both Plaintiffs lack standing. Speedway's motion is granted as to Plaintiff Jeffrey Weisen's claim and denied as to Plaintiff Craig Seifert's claim.[1]

## BACKGROUND

The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") protects the rights of individuals with disabilities with respect to places of public accommodation, commercial facilities, transportation, and other places or services. Title III of the ADA prohibits places of public accommodation from discriminating against persons with disabilities and requires them to be readily accessible to and independently usable by persons with disabilities. 42 U.S.C. §§ 12181-89. Title V of the ADA prohibits

---

[1] Because the Court denies Speedway's motion for summary judgment in part, the Court denies without prejudice Speedway's request for attorneys' fees and costs. *See* 42 U.S.C. § 12205 (providing that the "prevailing party" may obtain fees and costs).

discrimination against individuals who exercised their rights or aided others, in exercising their rights, under the ADA. *Id.* § 12203.

Weisen is a disabled individual who has initiated over ninety lawsuits under Title III of the ADA. Weisen retains Seifert as an expert witness in these lawsuits. Weisen and Seifert visit Speedway premises both to patronize them and to inspect them for ADA violations.

In the Fall of 2019, Weisen filed three ADA lawsuits against Speedway. In one of these cases, Speedway moved for a more definite statement as to the date and time Weisen visited the Speedway location at issue. In response, Weisen filed an amended complaint providing a more specific time period and adding that Weisen's expert had subsequently inspected the Speedway location at issue.

On November 27, 2019, Speedway sent a letter ("trespass letter") to Weisen's attorneys at the Throndset Michenfelder Law Office stating that additional, unpermitted visits for discovery purposes would be considered acts of trespass. The trespass letter was addressed to Weisen's attorneys and included the attorneys' "investigators/agents." Compl. Ex. A, ECF No. 1-1 at 2. The letter provided that the attorneys and their investigators were forbidden to enter the Speedway locations at issue in the three ADA lawsuits. Speedway attached a Notice of Trespass to the letter and declared that a copy would be provided to the local authorities. The Notice of Trespass stated:

> State law (Minn. Stat. § 609.605) prohibits any person from intentionally trespassing on the land of another and refusing to depart from that land, without a legal basis, once a demand to depart is made by the lawful possessor or his/her agent. Demand may be spoken or written. This Trespass Notice constitutes a written demand to depart from the land and

property immediately. Any violation of this will be considered a criminal trespass and a violation of Minnesota Statute §609.605. Violations may be subject to imprisonment up to 90 (ninety) days or to a payment of up to $1000, or both. Violators who qualify for enhanced penalties may be subject to imprisonment for up to 365 days or to a payment of up to $3000, or both.

*Id.* at 4 (formatting in original). The Notice of Trespass remained in place from November 27, 2019, to November 26, 2020.

The trespass letter did not reference or affect Weisen himself. Nonetheless, Seifert brought a copy of the letter to Weisen and informed him that the letter prevented them from visiting Speedway stores in retaliation for Weisen's complaints against Speedway.

Despite the trespass letter, Weisen and Seifert continued to patronize various Speedway locations. Seifert continued to investigate other Speedway locations. Speedway also allowed Seifert back to the Speedway locations at issue in the lawsuits so he could conduct further investigations in the presence of Speedway's counsel and expert.

Both Weisen and Seifert testified at their depositions that the trespass letter caused them emotional distress, mental anguish, and dignitary harm. Weisen stated that he was afraid he could go to jail.[2] Seifert stated that he feared being harassed by the police and being seen in a police car. Because Seifert had been a public speaker at the YMCA Youth

---

[2] Speedway asserts that Weisen and his wife testified that Weisen suffered no damages as a result of the trespass letter. This is an inaccurate portrayal of the testimony. Weisen testified about the fear the trespass letter caused him. Olson Decl. Ex. C, J. Weisen Dep. 57:5-60:25, ECF No. 28-1. Weisen's wife testified that she did not know about the trespass letter and could not specify what anguish Weisen attributed to the trespass letter as opposed to "all of the other issues he faces." Olson Decl. Ex. D, B. Weisen Dep. 85:19-88:1, ECF No. 28-1.

3

& Law Day, he was especially concerned that the children who attended the event would see him talking to the police. Seifert discussed these fears at his drug and alcohol recovery meetings and with his recovery sponsors.

On January 6, 2020, Weisen and Seifert filed the instant case against Speedway, alleging Speedway violated Title V of the ADA.

## DISCUSSION

Speedway moves for summary judgment on the ground that Weisen and Seifert lack standing. "To survive a motion for summary judgment on this ground," Plaintiffs must support their claims by setting forth evidence, which is "taken as true by the reviewing court." *Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 545 (8th Cir. 2018) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). Each Plaintiff must prove an injury in fact, a causal relationship between the challenged conduct and the injury, and that the injury will be redressed by a favorable decision. *Id.* (citing *Lujan*, 504 U.S. at 560-61).

"An injury in fact is the 'invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan,* 504 U.S. at 560). An injury is concrete if it "actually exist[s]," though it need not be tangible. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548-49 (2016). "The plaintiff must show that he or she 'sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and [that] the injury or threat of injury [is] both real and immediate . . . .'" *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (alterations in original) (quoting *City of Los Angeles v. Lyons*, 461

U.S. 95, 102 (1983)). An injury is particularized if it affects the plaintiff "in a personal and individual way." *Spokeo, Inc.*, 136 S. Ct. at 1548.

Both parties rely on *Cottrell v. Good Wheels*, Civil No. 08-1738, 2009 WL 3208299 (D.N.J. Sept. 28, 2009), to support their arguments. The two plaintiffs in *Cottrell* sued a defendant car dealership, Good Wheels, alleging various ADA violations, including two counts of retaliation because Good Wheels had banned them from its premises. 2009 WL 3208299, at *2. The first plaintiff provided evidence that he had frequented Good Wheels in the past and wished to do so in the future because of his hobby of perusing local car-buying establishments. *Id.* at *5. The court held that, "being banned from the Good Wheels facility in retaliation for his alleged enforcement activities clearly causes injury to [this plaintiff] that is not speculative or conjectural." *Id.* The court found that the second plaintiff lacked an injury in fact because she had not entered Good Wheels in the past and did not intend to in the future. *Id.* at *6.

I. **Weisen's Standing**

Speedway argues that Weisen lacks an injury in fact because the trespass letter at issue did not reference Weisen.

The Court agrees that Weisen lacks a cognizable injury in fact. Any emotional harm Weisen attributes to the trespass letter is not particularized because the trespass letter did not affect Weisen personally. Unlike the plaintiffs in *Cottrell*, Weisen was never banned from Speedway premises. Speedway addressed the trespass letter to Weisen's attorneys and referenced only the attorneys and the attorneys' investigators and agents. Furthermore, Weisen's alleged injury is not concrete. Because the trespass letter

did not include Weisen, Weisen was never in danger of sustaining a direct injury as a result of the trespass letter. Any fear of arrest that the trespass letter caused him was speculative. Summary judgment is therefore granted with respect to Weisen's claim. Weisen's claim is dismissed without prejudice. *See Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 696 (8th Cir. 2019) (finding a dismissal for lack of standing should be without prejudice).

## II. Seifert's Standing

Speedway argues that Seifert lacks an injury in fact because (1) he continued to serve as an expert in cases against Speedway, and (2) Seifert's emotional distress allegations are conclusory and conjectural.[3]

The Court rejects both arguments. First, Speedway assumes, without explaining, that Seifert did not suffer an injury in fact because he continued to serve as an expert in cases against Speedway. It is possible that Seifert continued to investigate Speedway locations as an expert and suffered emotional harm while doing so. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (finding facts must be viewed in favor of the nonmoving party at the summary judgment stage).

Second, Seifert's emotional distress allegations are neither conclusory nor conjectural. Seifert testified that he feared that people he knew would see him encounter

---

[3] Speedway also argues that Seifert suffered no injury in fact because he, like the second plaintiff in *Cottrell*, does not intend to enter Speedway premises in the future. The Court rejects this argument as Speedway admits in the next sentence that "the undisputed record demonstrates that Mr. Seifert has continued to both patron Speedway locations and serve as a supposed expert in multiple cases, including for the facilities identified in the Letter of No Trespass." Def.'s Mem. Supp. Summ. J. 15, ECF No. 27.

the police; he especially feared that the children he spoke to at the YMCA Youth & Law Day would see him with the police; and he discussed this fear with others. Unlike Weisen, the trespass letter applied to Seifert. Therefore, summary judgment is denied with respect to Seifert's claim.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion for Summary Judgment [ECF No. 25] is GRANTED IN PART and DENIED IN PART.

    a. Summary judgment is GRANTED with respect to Plaintiff Jeffrey Weisen's claim.

    b. Summary judgment is DENIED with respect to Plaintiff Craig Seifert's claim.

2. The action is dismissed as to Plaintiff Jeffrey Weisen without prejudice.

Dated: June 22, 2021

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
